**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

```
MARY ANTON JONES, et al.,              )
                                       )
                                       )
                   Plaintiffs,         )
                                       )      CIVIL ACTION
v.                                     )
                                       )      No. 03-2369-KHV
MICHAEL WILDGEN, et al.,               )
                                       )
                   Defendants.         )
_____)
```

**MEMORANDUM AND ORDER**

Plaintiffs filed suit against the City of Lawrence, Kansas and various city officials under 42 U.S.C. § 1983, alleging that defendants enacted and enforced a city ordinance which requires that rental properties be licensed in certain residential areas, and that defendants thereby violated plaintiffs' constitutional rights and their rights under unspecified federal statutes. On June 2, 2004, the Court sustained defendants' motion to dismiss, see Memorandum And Order (Doc. #28), but granted plaintiffs leave to file an amended complaint as to certain claims.[1] Plaintiffs then filed a motion to reconsider and for leave to file an amended petition. See Doc. #30 filed June 14, 2004. On December 14, 2004, the Court sustained plaintiff's motion in part and gave plaintiffs leave to file an amended complaint as to (1) the landlord plaintiffs' as-applied Fourteenth Amendment procedural due process claim and (2) the tenant plaintiffs' as-applied Fourth Amendment claim. On December 22, 2004, plaintiff filed a third amended complaint. This matter comes before the Court

---

[1] The order stated that "on or before June 18, 2004, plaintiffs may file [a motion for] leave to amend their complaint to overcome the defense of qualified immunity, and landlord plaintiffs may file an amended complaint setting forth their as-applied procedural due process claim." See Doc. #28 at 30.

on defendants' Motion For Partial Judgment On The Pleadings (Doc. #44) filed December 23, 2005.[2] Also before the Court is plaintiffs' Memorandum In Support Of Response To Motion For Partial Judgment On The Pleadings And Request To Correct Case Caption (Doc. #47).

## Standards

A motion for judgment on the pleadings under Rule 12(c) is governed by the same standards as a motion to dismiss under Rule 12(b)(6). Mock v. T.G. & Y., 971 F.2d 522, 528 (10th Cir. 1992). In reviewing defendants' motion, the Court assumes the veracity of the "well-pleaded factual allegations" in the complaint and draws all reasonable inferences in plaintiffs' favor. Shaw v. Valdez, 819 F.2d 965, 968 (10th Cir. 1987); see Zinermon v. Burch, 494 U.S. 113, 118 (1990). The issue is not whether plaintiffs ultimately will prevail, but whether plaintiffs are entitled to offer evidence to support their claims. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds*, Davis v. Scherer, 468 U.S. 183 (1984). The Court may dismiss a case for failure to state a claim only if it appears beyond a doubt that plaintiffs can prove no set of facts in support of their theory of recovery that would entitle them to relief. GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997).

## Facts

The following facts are taken from plaintiffs' third amended complaint:

---

[2] On January 25, 2006, plaintiffs John Bush, Jerry Carbrey, Al Haverty, Joseph Keating, Philip Hemphill and Sandy Warner stipulated to dismissal with prejudice of their claims. Doc. #49. That same day, defendants filed a motion to withdraw as moot their motion for partial judgment on the pleadings Doc. #50. The motion for judgment on the pleadings also seeks to dismiss claims by plaintiffs Mark Lehmann, Robert Moody and Aron Olivera. Because Lehmann, Moody and Olivera have not dismissed their claims, the Court found that defendants' motion for judgment on the pleadings was not moot. See Doc. #57, filed February 27, 2006. On April 13, 2006, the parties filed a stipulation of dismissal of all claims by plaintiff Olivera.

The City of Lawrence ("the City") is a municipal corporation under Kansas law. The City adopted ordinances which impose occupancy limits on residential rental property in areas which are zoned for single family residences. Chapter VI, Article 13 of the City Code. The ordinances provide that except for owner-occupied property, no single-family dwelling in an RS (single family) zoning district shall be leased for occupancy by more than three unrelated persons who do not constitute a family. Violations are municipal offenses and may cause an owner's rental license to be revoked.

Section 6-1302 requires that every owner of a single-family dwelling in an RS zoning district obtain a rental licensing permit before leasing it to an unrelated person. The permit is valid for one year if the owner pays a $25.00 licensing fee and the owner and the property are in compliance with the code. The property must be inspected at least once every three years to ensure compliance, and the City may revoke a rental permit where violation of any of the following ordinances is found to adversely affect the public safety of tenants or the rights of nearby residents to the quiet enjoyment of their property:

    (A)    Noise Ordinance;

    (B)    Environmental Code;

    (C)    Anti-litter ordinance;

    (D)    Zoning Code;

    (E)    Disorderly House Nuisance Ordinance;

    (F)    Uniform Housing Code.

Section 6-1305 (internal citations omitted).

Under Section 6-1307, public officers may enter, inspect and investigate rental dwellings to enforce the regulatory requirements. Such entry must be "pursuant to the law" and if the building

is occupied, the officer must first request entry. If entry is denied, the officer must pursue an administrative search warrant "or other lawful means." Section 6-1307.

Section 6-1308 provides that a rental license may be revoked and that under certain circumstances, the owner may be placed on probation. Specifically, that section provides as follows:

(A) Any person found by the public officer to be in violation of this Article shall be sent a notice of such violation by the public officer. The notice shall be sent by certified mail, postage prepaid, return receipt requested. The notice shall state:

    (1) The condition which has caused the violation of this Article;

    (2) Whether the proposed enforcement action is to place or continue the permittee or person on a probation status or whether the proposed enforcement action is to revoke the license; and

    (3) That the person in violation shall have fifteen (15) days from the date of the notice to request in writing a hearing before the governing body on the violation. The request in writing for a hearing before the governing body shall stay pending enforcement actions.

(B) The placement of the owner on probation status shall be to provide a reasonable period of time for the owner to correct or alleviate conditions giving rise to the notice of violation. The probation status may be conditioned by the City with reasonable reporting requirements and time periods for corrections. The failure to successfully complete the requirements of the probation status shall be grounds for the initiation of the revocation of the license granted pursuant to this Article.

(C) The public officer, or the Governing Body upon the conclusion of a requested hearing, shall have the authority to revoke a license granted pursuant to this Article or place the property owner on probation status. In determining whether to revoke the license or place the property owner on probation status, the public officer or the Governing Body shall take into account mitigating circumstances, including the legal authority of the property owner to order the vacation of the property by tenants whose conduct has caused the violation(s).

Section 6-1308.

Violators are subject to fines from $250.00 to $1,000.00, and each day constitutes a separate municipal offense. Section 6-1309. In addition, if "the public health, safety or welfare is harmed or endangered by continued occupancy or habitation," the City may order disconnection of water, sewer and sanitation services after lawful notice to the customer and the property owner. Section 6-1310.

Plaintiffs Robert Moody, Ronald Lawrenz and Mark Lehmann own rental property in the City.[3] These landlord plaintiffs allege that, in enforcing the ordinance, defendants have violated their right to procedural due process. Specially, the landlord plaintiffs allege as follows:

> 29. Under Chapter VI, Article 13, City inspectors issue "notices of violations" to owners whose property allegedly fails to comply with the regulatory requirements of the Ordinance. The notices direct the property owners to make various repairs to the property. These repairs often require the owner to expend substantial amounts of money. No time is given for the property owner to remedy the alleged violations before being placed on probationary status, or in the alternative having their rental license revoked, or being subjected to other potential penalties, under the regulatory scheme.
>
> 30. . . . The notice gives the landlord no time to make the repairs ordered by the inspector before having the rental license revoked or being placed on probation. . . . At no time prior to the entry and inspection of the Plaintiffs' property, do the Plaintiffs have an opportunity for a hearing to contest the inspection and alleged violations.
>
> 31. The City has repeatedly subjected the Plaintiffs to wrongful entry. The City has entered into homes without the consent of the tenant or property owner, and accompanied by police and locksmiths. Ths City has also subjected the Plaintiffs to notice of violation, and assessment of inspection fees and

---

[3] In response to the defendants' motion for judgment on the pleadings, plaintiffs ask to add as party plaintiffs Ronald Lawrenz and Monte Turner. Both of these individuals are included in the allegations of the third amended complaint. Defendant has consented to adding these two plaintiffs, see Doc. #50, and the Court grants plaintiffs leave to add them as parties.

> penalties without providing due process, all in violation of their rights. Further, the City has subjected the Plaintiffs to criminal prosecution under the ordinances without first providing the process described in its own ordinance scheme. The City's pattern and practice of wrongfully entering the Plaintiff's' property, and imposing fees and penalties, as well as initiating criminal prosecutions without any attempt to provide due process continues to subject the Plaintiffs to Violations of their Federal Constitutional rights.

Third Amended Complaint (Doc. #36) filed December 22, 2004. The landlord plaintiffs allege that defendants have deprived them of property without the opportunity to (a) be heard, (b) present witnesses, (c) cross-examine adverse witnesses, and (d) contest the inspector's findings in front of an impartial decision-maker before the City criminally prosecutes them, places them on probation or revokes a rental license. Specifically, the landlord tenants all allege that the City has given them notices and orders of ordinance violations. The City has filed criminal complaints against Lawrenz and Lehmann. The City denied Lawrenz a hearing.

Defendants assert that they are entitled to judgment on the pleadings on the landlord plaintiffs' procedural due process claim because plaintiffs have not alleged that defendants deprived them of any property interest, such as a license or a permit. Alternatively, defendants assert that, even if plaintiffs have alleged a deprivation of a property interest, only Lawrenz claims that defendants denied him a hearing.

## **Analysis**

In a procedural due process claim, the threshold issue is whether plaintiffs have asserted a protected property or liberty interest. See Graham v. City of Okla. City, 859 F.2d 142, 144 (10th Cir. 1988) (per curiam). The Constitution does not create or define the contours of "liberty" or "property," the "broad and majestic terms" enshrined in the Fourteenth Amendment. Bd. of Regents of State Colls v. Roth, 408 U.S. 564, 571 (1972). Rather, these interests "are created and

6

their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." Id. at 577; see Paul v. Davis, 424 U.S. 693, 710-11 (1976) (liberty and property interests attain constitutional status if initially recognized and protected by state law); Stidham v. Peace Officer Standards & Training, 265 F.3d 1144, 1149 (10th Cir. 2001) (police officer certification protected by due process).

The City argues that the landlord plaintiffs have not alleged a deprivation of property interests.[4] In response, plaintiffs assert that they have alleged that the City has not followed the statutory scheme which is designed to provide due process to housing providers. Although plaintiffs do not explicitly set out their protected property interest, state law recognizes that they have a right to use their rental property subject to reasonable governmental regulations. See Winters v. Bd. of County Comm'rs, 4 F.3d 848, 856 (10th Cir. 1993); see e.g., Midnight Sessions, LTD. v. City of Phila., 945 F.2d 667, 679 (3d Cir. 1991) (property owner may have constitutionally protected property interest in obtaining license needed to operate a property in particular manner).

Generally, to prevent "substantively unfair or mistaken deprivations," individuals must receive notice and an opportunity to be heard before the government deprives them of property. See United States v. James Daniel Good Real Prop., 510 U.S. 43, 48, 53 (1993) (quoting Fuentes v. Shevin, 407 U.S. 67, 80-81 (1972)); see also Samuels v. Meriwether, 94 F.3d 1163, 1166-67 (8th Cir. 1996) (notice of building problem and opportunity to appear before municipal board satisfies procedural due process); James Daniel Good, 510 U.S. at 53. To state a procedural due process

---

[4] The Court notes that defendants do not address whether plaintiffs have alleged a protected *liberty* interest on which to base a procedural due process claim. A careful review of the third amended complaint reveals that although plaintiffs repeatedly refer to harm to their property rights, they do not assert denial of a protected liberty interest.

claim, plaintiffs must show that the government process which they must follow is insufficient to properly protect their ownership rights. See Winters, 4 F.3d at 856; Walden v. Carmack, 156 F.3d 861, 874 (8th Cir. 1998). The deprivation of procedural due process is not complete unless and until the state fails to provide adequate constitutionally essential procedures. Winters, 4 F.3d at 856.

In this case, the ordinance obligates the City to notify an owner by certified mail of any violation and proposed enforcement action. The owner has 15 days from the date of the notice to request a hearing. A request for a hearing stays any enforcement action. A violation of the ordinance may cause the landlord to be placed on probation or have his rental license revoked, thus denying him the use of his property for rental purposes. The Court has already ruled that this process is adequate. Although Lehmann and Moody assert that they have received notices and orders from the City, they do not assert that the City has denied them a hearing. The Court therefore finds that they have not alleged a violation of procedural due process, and their claims are dismissed.

Landlord plaintiff Lawrenz, however, alleges that defendants denied him procedural due process in applying the hearing provisions of the ordinance. Specifically, Lawrenz alleges that after he received a notice of violation and requested a hearing, as provided in the statutory scheme, the City denied that hearing and filed a criminal complaint against him. Liberally construing the third amended complaint, as it must, the Court finds that Lawrenz has stated an actionable claim for denial of procedural due process.

**IT IS THEREFORE ORDERED** that Plaintiffs' Memorandum In Support Of Response To Motion For Partial Judgment On The Pleadings And Request To Correct Case Caption (Doc. #47) be and hereby is **SUSTAINED** in that Ronald Lawrenz, Housing Provider and Monte

Turner, Tenant are added as plaintiffs.

**IT IS FURTHER ORDERED** that defendants' Motion For Partial Judgment On The Pleadings (Doc. #44) filed December 23, 2005 be and hereby is **SUSTAINED** in part. The Court finds that the claims of Mark Lehmann and Robert Moody against all defendants should be dismissed.

Dated this 1st day of May, 2006, at Kansas City, Kansas.

>s/ Kathryn H. Vratil
>KATHRYN H. VRATIL
>United States District Judge